UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

vs.

| | |
|---|---|
| Real property located at 301 Golfcrest Drive, Dearborn, Michigan; | Case No. Honorable |
| 2016 BMW M4, VIN WBS3U9C52GP969127; | **COMPLAINT FOR FORFEITURE** |
| $122,034.33 in funds from Bank Account Number 0054-0087-2536 in the name of BFRX LLC, dba Better Care Neighborhood Pharmacy at Bank of America, Detroit, MI; | |
| $37,295.14 in funds from Bank Account Number 25561735 in the name of Chadi Bazzi or Khadije Chaalan at JP Morgan Chase, Detroit, MI; | |
| All funds on deposit in Merrill Lynch Account Number 642-22212 in the name of Chadi Bazzi and Khadije Bazzi (Value: $959,087.10 as of July 5, 2023); | |
| All funds on deposit in Merrill Lynch Account Number 642-33995 in the name of Chadi Bazzi and Khadije Bazzi (Value: $119,823.96 as of July 5, 2023); | |
| $29,000.00 in funds from Bank Account Number 642-22249 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI; | |
| $14,500.00 in funds from Bank Account | |

Number 642-22250 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI;

$14,500.00 in funds from Bank Account Number 642-33224 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI;

All funds on deposit in Merrill Lynch Account Number 642-30521, in the name of Fadwat Abdallah (Value: $196,130.67 as of July 5, 2023);

All funds on deposit in Merrill Lynch Account Number 642-22122, in the name of Chadi Bazzi and Khadije Bazzi (Value: $720,493.21 as of July 5, 2023);

All funds on deposit in Merrill Lynch Account Number 642-22123, in the name of Chadi Bazzi and Khadije Bazzi (Value: $703,046.51 as of July 5, 2023);

$70,000.00 in funds from Account Number 642-53423 in the name of Chadi Bazzi and Khadije Chaalan Bazzi at Merrill Lynch, Jacksonville, FL;

All funds on deposit in Merrill Lynch Account Number 642-05M82 in the name of BFRX LLC (Value: $44,176.06 as of July 5, 2022); and

All funds on deposit in Merrill Lynch Account Number 642-05M88 in the name of BFRX LLC, (Value: $33,686.89 as of July 5, 2023).

                    Defendants *in Rem.*
_____/

# COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court under 28 U.S.C. § 1395(b) because the Defendant *in rem* was found and seized in the Eastern District of

Michigan.

6. The defendants *in rem* include:

   a. Real property located at 301 Golfcrest Drive, Dearborn, Michigan;
   b. 2016 BMW M4, VIN WBS3U9C52GP969127;
   c. $122,034.33 in funds from Bank Account Number 0054-0087-2536 in the name of BFRX LLC, dba Better Care Neighborhood Pharmacy at Bank of America, Detroit, MI;
   d. $37,295.14 in funds from Bank Account Number 25561735 in the name of Chadi Bazzi or Khadije Chaalan at JP Morgan Chase, Detroit, MI;
   e. All funds on deposit in Merrill Lynch Account Number 642-22212 in the name of Chadi Bazzi and Khadije Bazzi (Value: $959,087.10 as of July 5, 2023);
   f. All funds on deposit in Merrill Lynch Account Number 642-33995 in the name of Chadi Bazzi and Khadije Bazzi (Value: $119,823.96 as of July 5, 2023);
   g. $29,000.00 in funds from Bank Account Number 642-22249 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI;
   h. $14,500.00 in funds from Bank Account Number 642-22250 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI;
   i. $14,500.00 in funds from Bank Account Number 642-33224 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI;
   j. All funds on deposit in Merrill Lynch Account Number 642-30521, in the name of Fadwat Abdallah (Value: $196,130.67 as of July 5, 2023);
   k. All funds on deposit in Merrill Lynch Account Number 642-22122, in the name of Chadi Bazzi and Khadije Bazzi (Value: $720,493.21 as of July 5, 2023);
   l. All funds on deposit in Merrill Lynch Account Number 642-22123, in the name of Chadi Bazzi and Khadije Bazzi (Value: $703,046.51 as of July 5, 2023);
   m. $70,000.00 in funds from Account Number 642-53423 in the name of Chadi Bazzi and Khadije Chaalan Bazzi at Merrill Lynch, Jacksonville, FL;
   n. All funds on deposit in Merrill Lynch Account Number 642-05M82 in the name of BFRX LLC (Value: $44,176.06 as of July 5, 2022);

o. All funds on deposit in Merrill Lynch Account Number 642-05M88 in the name of BFRX LLC, (Value: $33,686.89 as of July 5, 2023).

(hereafter 6(a)-(n) shall be referred to collectively as the "Defendant Property").

## BACKGROUND INFORMATION

7. The Defendant Property constitutes proceeds of illegal activity or currency traceable to proceeds of illegal activity, specifically Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, Health Care Fraud in violation of 18 U.S.C. §§ 1347 and 2; and property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957 and is, therefore, subject to civil forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), and (a)(1)(C).

8. There is a companion criminal case in the Eastern District of Michigan related to this case: *United States v. Chadi Bazzi, R.Ph.*, Case No. 18-cr-20418, Honorable Denise Page Hood.

## VIOLATION AND FORFEITURE STATUTES

9. Under 18 U.S.C. § 1347, it is a crime to knowingly and willfully execute, or attempt to execute, a scheme or artifice to defraud any health care benefit program; or to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program. Under 18 U.S.C. § 1349,

5

"any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense[.]"

10. Under 18 U.S.C. § 1956(a), federal law prohibits concealment money laundering, among other things:

> (a)(1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction, which in fact involves the proceeds of specified unlawful activity— …
> (B) knowing that the transaction is designed in whole or in part —
> (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . [is guilty of money laundering.]

11. Under 18 U.S.C. § 1957(a), federal law prohibits transactions involving over $10,000 in criminal proceeds:

> Whoever, in any of the circumstances set forth in subsection (d) [the offense takes place in the United States among other locations], knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity . . . shall be punished as provided [below].

12. Under 18 U.S.C. § 981(a)(1) "the following property is subject to forfeiture to the United States:"

> (A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property

6

> traceable to such property.
>
> …
>
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of … any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

The definition of "specified unlawful activity" includes violations of 18 U.S.C. § 1347 under 18 U.S.C. § 1956(c)(7)(F).

## GENERAL ALLEGATIONS

13. On or about July 26, 2022, Bazzi pled guilty to one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 and multiple counts of Health Care Fraud in violation of 18 U.S.C. § 1347 and 2, without the benefit of a Rule 11 Plea Agreement.

### I. The Healthcare Fraud Conspiracy

14. Bazzi's healthcare fraud conspiracy operated from approximately January 2011 until June 2018. The purpose of the conspiracy was for Bazzi and others to unlawfully enrich themselves and others by, among other things: (a) submitting, and causing the submission of, false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS through Better Care; (b) concealing and causing the concealment of, the submission of false and fraudulent claims to Medicare, Medicare drug plan

7

sponsors, Medicaid, Medicaid health plans, and BCBS, and the receipt and transfer of the proceeds of the fraud; and (c) diverting fraud proceeds for the personal use and benefit of the defendant and others.

15. The manner and means by which Bazzi and others sought to accomplish the purpose of the conspiracy included, among others, the following:

(a) Bazzi maintained national provider identifiers for Better Care in order to submit claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS.

(b) Bazzi, on behalf of Better Care, entered into pharmacy provider agreements with CVS Caremark, OptumRX, and Express Scripts, among other pharmacy benefit managers (PBMs).

(c) Bazzi and others submitted, and caused the submission of, false and fraudulent claims to Medicare, Medicare drug plan sponsors, Medicaid, Medicaid health plans, and BCBS, via interstate wires and on behalf of Better Care, for prescription drugs that were medically unnecessary, not ordered by a physician, and not dispensed.

(d) Bazzi and others submitted, and caused the submission of, false and fraudulent claims to Medicare and Medicare drug plan sponsors, via interstate wires and on behalf of Better Care, for prescription drugs purportedly dispensed to persons who were, in fact, deceased.

(e) False and fraudulent claims that Bazzi and others electronically submitted, and caused to be electronically submitted, to Medicare, Medicare drug plan sponsors, Medicaid, and Medicaid health plans were processed and adjudicated electronically by CVS Caremark, OptumRx, and Express Scripts, among other PBMs, outside the state of Michigan. False and fraudulent claims that Bazzi and others electronically submitted, and caused to be electronically submitted, to BCBS were processed and adjudicated electronically by Express Scripts outside the state of Michigan.

(f) Qlarant, a Medicare Drug Integrity Contractor, conducted an invoice review for Better Care. Qlarant compared Better Care's purchases of certain medications to its Medicare and Medicaid claims data for those same medications during the time period of January 2011 through December 2016. Qlarant concluded that Better Care's inventory of prescription drugs was not sufficient to support its claim submissions to Medicare and Medicaid. Based upon the shortage detected, Qlarant concluded that Medicare and Medicaid paid Better Care millions of dollars for medications that Better Care did not have sufficient inventory to dispense.

(g) Bazzi and others caused an approximate loss of at least $1.1 million to

BCBS because of the false and fraudulent claims that Bazzi and others submitted and caused to be submitted.

(h) Bazzi and others caused the transfer and disbursement of illicit proceeds derived from the fraudulent scheme to themselves and others.

(i) Bazzi submitted and caused the submission of false and fraudulent claims for payment and falsely represented that Better Care provided prescription medications to Medicare beneficiaries, including the following:

| Count | Beneficiary | Beneficiary Date of Death | Claim Received and Service Date | Description of Prescription Medication | Claim Control Number |
|---|---|---|---|---|---|
| 2 | L.M. | 2/2/14 | 2/13/14 | Restasis | 140443606 681029999 |
| 3 | H.S. | 11/4/13 | 4/15/14 | Hydrocodone-Acetaminophen | 141054139 391082999 |
| 4 | H.S. | 11/4/13 | 4/15/14 | Oxycodone | 141054133 217053999 |
| 5 | H.S. | 11/4/13 | 5/14/14 | Hydrocodone-Acetaminophen | 141342395 570070999 |
| 6 | H.S. | 11/4/13 | 5/14/14 | Oxycodone | 141342393 857097999 |
| 7 | C.W. | n/a | 9/6/17 | Lidocaine | 172493856 369003999 |
| 8 | C.W. | n/a | 9/6/17 | Spiriva | 172024050 194098999 |

(j) Much of this criminal conduct occurred using Better Care Neighborhood Pharmacy ("BCNP"), a registered business entity with the Michigan Department of Licensing and Regulatory Affairs ("LARA"), Corporations, Securities, and Commercial Licensing Bureau. It was formed under its legal name as BFRX, LLC on March 11, 2003, by Bazzi.

16. Bazzi, while owning and operating BCNP, fraudulently billed Medicare and Medicaid for expensive medication that was not dispensed to beneficiaries. BCNP did not have sufficient drug inventory to dispense several expensive medications billed to Medicare and Medicaid.

17. Bazzi submitted false and fraudulent claims, through interstate wires from Michigan to Medicare and Medicaid. The claims were processed and adjudicated electronically by CVS Caremark, OptumRx, and Express Scripts, among other Pharmacy Benefit Managers, outside the state of Michigan.

18. In sum, Qlarant concluded that BCNP's inventory of prescription drugs was not sufficient to support its claim submissions to Medicare and Medicaid for 66 of the 96 drugs selected for the analysis. Based upon the shortage detected, Qlarant concluded that Medicare and Medicaid paid BCNP millions of dollars for medications that BCNP did not have sufficient inventory to dispense. The shortage drugs that caused the highest dollar loss in this analysis were Spiriva, Lidocaine, Restasis, and

Advair Diskus.

19. BCNP billed for medication purportedly dispensed to beneficiaries after they were deceased. Between January 2011 and December 2017, BCNP submitted 143 claims for medications purportedly dispensed to beneficiaries after their dates of death. Medicare paid BCNP approximately $29,387.69 based on these claims.

## II. Subsequent Tracing, Money Laundering, and Defendants in Rem

### A. Bank Accounts

20. This fraud scheme led to great wealth accruing to Mr. Bazzi from his victims, and subsequent laundering of those funds.

21. Based on the Government's investigation—not all of which is recounted here—the following specific facts support the forfeitability of each set of funds as follows.

> (a) For the Real Property, please see Section II(C) below.
> (b) For the 2016 BMW, please see Section II(B) below.
> (c) For the $122,034.33 in funds from Bank Account Number 0054-0087-2536 in the name of BFRX LLC, dba Better Care Neighborhood Pharmacy at Bank of America, Detroit, MI: from January 1, 2015 through December 31, 2017 ("**Tier One Account**") at least $4,729,144.62 deposited directly into this account from 2015-2017 alone from Elevate Provider Network, Good Neighbor Pharmacy Provider Network, First Health, Express Scripts, MeridianRx, and OptumRx was fraudulently obtained Medicare and Medicaid reimbursements—among fraudulently obtained funds from other periods—and therefore constitute proceeds of health care fraud and a conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 1347 and 1349, respectively, and any legitimate funds were commingled with illegitimate funds to support the underlying crimes;

(d) For the $37,295.14 in funds from Bank Account Number 25561735 in the name of Chadi Bazzi or Khadije Chaalan at JP Morgan Chase, Detroit, MI: this TIER 2 account received at least $578,453.74 in 68 transactions from January 11, 2016 to April, 12, 2018 from the Tier One Account;

(e) For all funds on deposit in Merrill Lynch Account Number 642-22212 in the name of Chadi Bazzi and Khadije Bazzi (Value: $959,087.10 as of July 5, 2023): this TIER 3 account received monthly transfers from Tier 2 JP Morgan Chase Account from January 2016 to July 2017 totaling $18,000, plus another $35,000 wired on July 15, 2017 from the Tier 2 Bank of America Account ending in 2292

(f) For all funds on deposit in Merrill Lynch Account Number 642-33995 in the name of Chadi Bazzi and Khadije Bazzi (Value: $119,823.96 as of July 5, 2023): From January 2016 to July 2017, monthly transfers of $1,000 were made from TIER 2 JP Morgan Chase Account No. 25561735, totaling $18,000 to Merrill Lynch Account No. 642-22212. On July 15, 2017, $35,000 was wired to Merrill Lynch Account No. 642-22212 from TIER 2 Bank of America Account No. 3750-1614-2292. Merrill Lynch Account No. 642-22212 is linked to a secondary account Merrill Lynch Account No. 642-33995, into which and from which funds were routinely transferred during the period Merrill Lynch Account No. 642-22212 received tainted funds;

(g) For the $29,000.00 in funds from Bank Account Number 642-22249 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI: Between 2016 to 2017 this account received monthly transfers of $500 to $2,000 from TIER 2 JP Morgan Chase Account No. 25561735, totaling $29,000.

(h) For the $14,500.00 in funds from Bank Account Number 642-22250 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI: Between 2016 to 2017, this account received monthly transfers of $500 to $2,000 from TIER 2 JP Morgan Chase Account No. 25561735, totaling $14,500;

(i) For the $14,500.00 in funds from Bank Account Number 642-33224 in the name of Chadi Bazzi and Khadije Bazzi at Merrill Lynch, Farmington Hills, MI: Between 2016 to 2017, this account received transfers ranging from $500 to $1,000 from TIER 2 JP Morgan Chase Account No. 25561735, totaling $14,500;

(j) For all funds on deposit in Merrill Lynch Account Number 642-30521, in the name of Fadwat Abdallah (Value: $196,130.67 as of July 5,

2023): This is a TIER 2 account that received $41,931.01 in 3 transactions from the Tier One Account. Bank records related to the account identify Abdallah as the mother of Chadi Bazzi. The records further identify Abdallah's employment at the time as office manager for BFRX LLC, dba Better Care Neighborhood Pharmacy;

(k) For all funds on deposit in Merrill Lynch Account Number 642-22122, in the name of Chadi Bazzi and Khadije Bazzi (Value: $720,493.21 as of July 5, 2023): This is a TIER 2 account that received $157,000 in 4 transactions from the Tier One Account;

(l) For all funds on deposit in Merrill Lynch Account Number 642-22123, in the name of Chadi Bazzi and Khadije Bazzi (Value: $703,046.51 as of July 5, 2023): This is a TIER 2 account that received $105,031.33 in 3 transactions from the Tier One Account;

(m) For the $70,000.00 in funds from Account Number 642-53423 in the name of Chadi Bazzi and Khadije Chaalan Bazzi at Merrill Lynch, Jacksonville, FL: This TIER 3 account received at least $70,000 in a two transactions from a TIER 2 account.

(n) For all funds on deposit in Merrill Lynch Account Number 642-05M82 in the name of BFRX LLC (Value $44,176.06 as of July 5, 2022): this TIER 2 account received at least $36,364.14 in a single transaction on January 30, 2018, from the Tier One Account; and

(o) For all funds on deposit in Merrill Lynch Account Number 642-05M88 in the name of BFRX LLC, (Value: $33,686.89 as of July 5, 2023): This TIER 2 account received at least $26,239.42 in a single transaction on January 30, 2018, from the Tier One Account.

**B. The 2016 BMW**

22. The BMW M4 is titled and registered to Better Care Neighborhood Pharmacy and Chadi Bazzi, 12111 Conant St, Hamtramck MI. The Tier One Bank Account funded the purchase of this vehicle with criminal proceeds. On September 22, 2017, a check drawn from the Tier One Account was written to Chase Auto Finance in the amount of $60,522.45 to pay off the remaining balance for the loan no. 1153031210361.

**C. Real property located at 301 Golfcrest Drive**

23. The property at 301 Golfcrest Drive, Dearborn, MI was purchased by Chadi Ali Bazzi and Khadje Chaalan Bazzi on February 27, 2007.

24. Fraudulent funds obtained from Medicare Program were used, in part, to pay the mortgages and utilities/taxes on 301 Golfcrest Drive, Dearborn, MI. A tracing of these funds is as follows:

25. Tier One Bank of America account 0054 0087 2536, held by Better Care Neighborhood Pharmacy, received fraudulent Medicare reimbursements as detailed above in excess of $4 million from 2015-2017 alone.

26. Between January 2016 and April 2018, there were 68 transfers from the Tier One Account to JP Morgan Chase account 25561735 totaling $578,453.74. From this JP Morgan Chase account, the following withdrawals were made associated with 301 Golfcrest Drive, Dearborn, MI:

   (a) $292,275.95 in 12 transactions to Bank of America LOC and/or Bank of America mortgage.

   (b) $40,888.07 in 9 transactions to the City of Dearborn. Check memos show that these transactions were for water bills and taxes for 301 Golfcrest Drive.

**CLAIM FOR RELIEF**

27. Plaintiff realleges and incorporates by reference each and every

15

allegation contained in the paragraphs above, including any subparagraphs thereunder.

28. The Defendant Property constitutes proceeds of illegal activity or currency traceable to proceeds of illegal activity, specifically, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349, Health Care Fraud in violation of 18 U.S.C. § 1347 and 2; and property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and/or 1957 or traceable thereto and is, therefore, subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), and (a)(1)(C).

## **CONCLUSION**

Plaintiff, the United States of America, respectfully requests that warrants for the arrest of the Defendant Property be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the aforementioned Defendant Property condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

    Dawn N. Ison
    United States Attorney

    *S/Gjon Juncaj*
    Gjon Juncaj (P63256)
    Assistant U.S. Attorney
    211 W. Fort Street, Ste. 2001
    Detroit, Michigan 48226
    (313) 226-0209
    Gjon.Juncaj@usdoj.gov

    *S/K. Craig Welkener*
    K. Craig Welkener (DC 1033585)
    Assistant United States Attorney
    211 W. Fort Street, Suite 2001
    Detroit, MI 48226
    (313) 226-0248
    Kenton.Welkener@usdoj.gov

Dated: July 19, 2023

## **VERIFICATION**

I, Ian McDonald, am a Special Agent of the Federal Bureau of Investigation (FBI). I have read the foregoing Complaint for Forfeiture and assert under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Special Agent
Federal Bureau of Investigation

Dated: July 19, 2023